## Martin, et al. v. Flener, et al.

(Decided December 1, 1925.)

### Appeal from Butler Circuit Court.

Appeal and Error—In Appeal, Prosecuted on Partial Record, Court is Presumed to have Acted Within its Jurisdiction.—In appeal from a judgment setting aside a judgment and entering a differ-

ent judgment, prosecuted on a partial record, the court is presumed to have acted within its jurisdiction, where original judgment was entered in vacation, and it did not appear that previous orders had been signed at that time.

E. N. MAYHUGH for appellants.

G. V. WILLIS and A. J. BRATCHER for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

This is an appeal from a judgment entered on the first day of the May, 1924, term of the Butler circuit court, setting aside a former judgment of that court, and adjudging Mary A. Flener to be the owner and entitled to the immediate possession of a dower interest in certain lands; it being alleged that the former judgment had been entered at the February, 1924, term of the court and that the circuit judge was without power to set it aside or modify it at the time the latter judgment was entered.

There is no transcript of the evidence, nor of the exhibits in the record, which consists of the petition, answer and judgments only, the pleadings being by no means definite.

It appears from the petition that Sylvester Flener, a landowner of Butler county, died, leaving a widow and eight children, one of whom married the defendant, B. R. Martin. 117 acres of land was assigned to the widow as dower. Five of the heirs at law conveyed their remainder interests to the defendant, the consideration paid to each being $50.00, there being a separate contract not stated in the deed, to the effect that Martin would maintain and properly support the widow during her lifetime; that defendant had taken possession of the dower land under that contract but had failed to support Mrs. Flener and that she had been compelled to leave; that this was a breach of his contract for which the heirs sought a cancellation of the individual deeds and Mrs. Flener sought a recovery of her dower interest.

The answer consisted of a traverse and the affirmative allegation, that at the time defendant took possession of the property it was run down and in a bad state of cultivation; that he had made lasting and valuable improvements thereon; that he had looked after Mrs. Flener and cared for her, but that she had voluntarily abandoned

the premises and remained away therefrom and thereby forfeited her right thereto. A decree was entered as of date February 8, 1924, that being the fifth day of the regular February term of the circuit court. In this decree the petition was dismissed, but Mary A. Flener was adjudged to be entitled to a joint occupancy of the land with the defendant.

On the first day of the May term of court the following order was entered; "It appearing to the court that an error had been made in the judgment rendered in the above styled cause of action at the February term of this court, 1924, and which judgment was entered of record out of term time, it is now ordered by the court that said judgment be set aside and held for naught, and that the judgment rendered at this term of court in said action is the judgment in this case and it is ordered that the judgment rendered at this term of court be now entered of record," and subsequently the judgment in question was entered, in which Mary A. Flener was adjudged to be the owner and entitled to the possession of a dower interest in the lands mentioned, and a writ of possession awarded to issue in ten days if the premises were not sooner surrendered. A cancellation of the deeds was again refused.

It affirmatively appears in the order of May 1st that the first judgment was entered in vacation; it does not appear that the previous orders had been signed at that time, and in view of the fact that the appeal is prosecuted on a partial record we must presume that the court acted within its jurisdiction.

Wherefore, perceiving no error, the judgment is affirmed.